## Leonard Hyde *vs.* David S. Greenough.

Under *St.* 1852, *c.* 51, this court has jurisdiction of an action to foreclose a mortgage previously brought in the court of common pleas, and removed to this court on the defendant's affidavit that the amount sought to be recovered exceeded in value six hundred dollars, although the *ad damnum* and alleged value of the property in the declaration does not exceed that sum.

Writ of entry to foreclose a mortgage of real estate in Boston, originally brought in the court of common pleas at the January term, 1850, and removed at the first term into this court, upon the motion and affidavit of the tenant, in which he averred that the property claimed exceeded in value the sum of six hundred dollars, &c. The damages demanded, and the value of the property, as alleged in the writ, did not exceed six hundred dollars. On the opening of the case to the jury, *Metcalf,* J. ruled that this court had no jurisdiction of the action, and declined to proceed in the trial.

If this ruling was wrong, the case is to stand for trial; if right, it is to be remanded to the court of common pleas, for trial in that court. The case was argued and determined at the November term, 1852.

*A. B. Ely,* for the demandant.

*C. B. Goodrich,* for the tenant.

Shaw, C. J. This was a writ of entry to foreclose a mortgage, brought in the court of common pleas and at the first

term removed to the supreme judicial court, and entered at
the succeeding term of this court, upon the affidavit of the
defendant, that he believed he had a good cause of defence,
and that the property claimed exceeded in value the amount
of $600.    The defendant himself now insists that the case
was not rightly removed, though it was his own act.

One ground is, that the *ad damnum* in the writ is less than
$600, and that the writ must govern.    When the plaintiff
seeks to recover only damages, the *ad damnum* may limit the
amount in controversy; but in an action to foreclose a mort-
gage, the main thing sought to be recovered is the land.    By
the Jurisdiction Act, *St.* 1840, *c.* 87, § 2, it depends on the
fact to be shown by affidavit, that the damages demanded or
the property claimed shall exceed in amount or value the sum
of $600.

But if it were doubtful on the original statute, on account
of the peculiar manner in which the jurisdiction of actions for
the foreclosure of mortgages is mentioned, we think that
jurisdiction is now rightly given to this court by *St.* 1852, *c.* 51.
The statute in terms includes it, but the objection is, that the
legislature had no authority to vest such jurisdiction in case
of an action commenced and actually removed to this court
before it was made.    The objection, if it have any force, is
not that the legislature may not generally pass acts regulating
the jurisdiction of courts, but that in the case of an action
pending, it would injuriously affect an existing right.    But
the act in question, which went into operation April 26th,
1852, after the action had been entered in this court, pro-
vides in section 2, that all actions for the foreclosure of mort-
gages, now pending, and which have been removed from the
court of common pleas to the supreme judicial court, and
entered therein, shall be, &c.    The clause refers to all such
actions, in fact removed and entered; if it were limited to
those legally removed, it would have been wholly unnecessary
and useless.    This action had been in fact removed and en-
tered, was then and is now pending in this court, and we are
now called upon to act judicially upon it.

Now it is clear that, by the existing law, no such action

could have been removed but by the voluntary act, and the oath of the defendant, under a claim of right. Suppose this was an irregularity, it having been thus done with the consent of the defendant, and by him, a legislative act to confirm it and make it valid could not be injurious to his rights, but in support of his claim of right, and is not open to the objectic n of the defendant, that it was not within the scope of legislative authority. The judgment of the court is that the action is within their jurisdiction.